IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY D. HILL, | : | |
| | : | |
| Plaintiff | : | No. 4:CV-08-591 |
| | : | (Judge McClure) |
| v. | : | |
| | : | |
| JAMES CARPENTER, et al., | : | |
| | : | |
| Defendants | : | |

**O R D E R**

April 4, 2008

**BACKGROUND:**

On April 2, 2008, plaintiff Jeffrey D. Hill, pro se, initiated this action with the filing of a complaint under various federal criminal and civil laws, including the 18 U.S.C. § 1031, the Racketeer Influenced and Corrupt Organization Act (RICO), and 42 U.S.C. §§ 1983 and 1985.  Hill's complaint is a rambling diatribe against various defendants relating to a 2004 property reassessment that was performed on his property.  Specifically, he appears to complain that the reassessment was performed on a "per lot" basis rather than a "per acre" basis, which resulted in large land parcels being "obscenely underappraised" and small parcels being "obscenely overappraised."  (Rec. Doc. No. 1, at 2.)

Additionally, we note that Hill has filed a motion for leave to proceed in

forma pauperis (Rec. Doc. No. 2), a motion for injunctive relief (Rec. Doc. No. 3), and a motion for the undersigned to recuse (Rec. Doc. No. 6).

For the following reasons, we will grant Hill's motion to proceed in forma pauperis, deny his motion for injunctive relief and motion to recuse, and will dismiss the complaint.  Additionally, we will impose various sanctions on Hill.

**DISCUSSION:**

Plaintiff Jeffrey Hill has long history of filing frivolous and malicious complaints in this district.  These complaints and the documents filed in connection with these complaints have contained disrespectful and abusive language towards the court and the defendants.  Furthermore, we note that Hill always proceeds pro se and files an application to proceed in forma pauperis.  On September 18, 1996, we entered an order in the case of Hill v. Gates, M.D.Pa. Civ. No. 96-1572, which noted as of that date, Hill had initiated 42 separate actions in this district, dating back to 1988. (Id. at 2.)  Furthermore, we concluded that in each of these cases, Hill had never obtained a judgment in his favor.  (Id.)  In the order, we issued various sanctions under Rule 11 of the Federal Rules of Civil Procedure. Specifically, we imposed a sanction that Hill, although not presently a prisoner, will be subject to the "three strikes" provision of 28 U.S.C. § 1915(g) and the full

payment of filing fees over an extended period, in a manner analogous to § 1915(b). (Id. at 12-14.) Specifically, we stated that "[i]n no event shall Hill bring a civil action in this court if he has, on 3 or more prior occasions after the date of this order, brought an action or appeal in a court of the United States that was dismissed pursuant to this order or on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." (Id. at 14.) Furthermore, we required that any complaint filed by Hill be accompanied by a partial five dollar filing fee and ordered him to deposit five dollars per month following the filing of the complaint until the full filing fee is paid. (Id. at 12-13.) Finally, our order permanently enjoined Hill "from filing any document which is replete with offensive, derogatory material." (Id. at 10.) It is also worth noting that Hill filed two appeals in this case to the Third Circuit (Third Circuit Nos. 96-7604, 96-7605), both of which were dismissed as they were found to be without arguable legal or factual merit under 28 U.S.C. § 1915(e)(2)(B).

Despite this previous order, Hill has continued to file complaints in this district that were frivolous, malicious, and failed to state a claim. In our district alone, Civ. Nos. 02-692, 02-990, 04-2444, 05-1336 have been dismissed sua sponte by the court as frivolous, malicious, or for failure to state a claim. Similarly, Civ. Nos. 97-25 and 03-1166 were dismissed for failure to state a claim

pursuant to a motion to dismiss. He has also filed numerous habeas claims (Civ. Nos. 98-1008, 99-1898, 99-1899) when he was not incarcerated, all of which were dismissed <u>sua</u> <u>sponte</u>. This list does not include any civil actions that may have been filed in other districts, appeals to the United States Court of Appeals, or petitions for writ of certiorari in the United States Supreme Court, all of which are "court[s] of the United States" pursuant to our September 18, 1996. In fact, it is worth noting that Hill has appealed virtually every single Middle District order dismissing one of his cases to the Third Circuit and an ECF search of the Third Circuit's docket reveals 71 different appeals filed by Hill.

Thus, it is clear that Hill has filed at least three complaints since September 18, 1996 that were dismissed as frivolous, malicious, or for failure to state a claim. Therefore, pursuant to our September 18, 1996 order and our authority under Rule 11(c), we rule that Hill is forever barred from bringing a civil action in the Middle District of Pennsylvania. Furthermore, because we doubt that this bar will actually stop Hill from filing frivolous complaints, we will offer Hill a warning: If Hill files any civil complaints in this district, regardless of the court unit in which it is filed, the judge to which it is assigned, or the meritoriousness of his claims, we will initiate contempt proceedings for violating this order. We realize this is an extreme sanction and one may ultimately result in Hill's inability to pursue a meritorious

claim should one ever actually arise with respect to him.  Nevertheless, we believe it is warranted based on Hill's reprehensible conduct of abusing the federal court system over the course of approximately twenty-years.

Furthermore, we note that Hill's filings in the instant case have clearly violated our permanent injunction that Hill refrain from filing "any document which is replete with offensive, derogatory material."  (Id. at 10.)  Hill's motion to recuse in the instant case contains exactly the type of material we sought to prevent.  For example, it offensively states that the undersigned is "unfit for the bench," describes other rulings by the undersigned as "hatchet job[s]" and as "corrupt" and "dishonest,"  refers to another judge in the district as a "Republican law-and-order hypocrite fellow judge."  (Rec. Doc. No. 6, at 1-2.)  Thus, although we will refrain from doing so, we believe it would be perfectly appropriate for us to initiate contempt proceedings against Hill for violating this permanent injunction.

Finally, although no merits analysis is necessary, we conclude that the instant complaint is frivolous and fails to state a claim upon which relief may be granted.  Hill's complaint contains a complaint under 18 U.S.C. § 1031, commonly referred to as the Major Fraud Act, but labeled the "Major Criminal Fraud/Whistleblower Act" by Hill.  This is a criminal statute, and the only portion

of it that allows for a civil action is subsection (h), which pertains to an individual who is "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against" due to his or her actions in furtherance of a prosecution under the act.  This subsection obviously does not pertain to Hill, as he does not allege any prosecution under this act nor any negative employment action suffered as a result of such a prosecution.

As for Hill's claim under 42 U.S.C. §§ 1983 and 1985, we note that his cause of action is clearly barred by the statute of limitations.  It is well-established that the appropriate statute of limitations period for a claim under § 1983 or § 1985 is the statute of limitations pertaining to personal injury actions in the jurisdiction in which the claim arose.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985); <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599-600 (3d Cir. 1998).  Hill's claim clearly arose in Pennsylvania, as that is where the property which was allegedly reassessed is situated.  The statute of limitations for personal injury actions in Pennsylvania is two years.  42 Pa.C.S. § 5524; <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 189-90 (3d Cir. 1993).  On the face of the complaint, Hill's cause of action occurred in 2004, when the reassessment of his property took place. (Rec. Doc. No. 1, at 1.)  Thus, it is clear from the face of the complaint that the statute of limitations has passed on this claim.  Furthermore, we note that it is

appropriate to dismiss these claims sua sponte despite the fact that the statute of limitations is an affirmative defense.  See Jones v. Bock, 127 S. Ct. 910, 920-21 (2007) (stating that "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense").

We also conclude that Hill's RICO claim fails.  Such a claim requires an allegation of a pattern of racketeering activity.  Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 265-268 (1992); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985).  Hill's allegations that the defendants "rigg[ed] land taxation values for the rich and politically-connected at the expense of the poor and middle classes" (Rec. Doc. No. 1, at 1) do not amount to a pattern of racketeering activity.  Rather, as with many of his civil complaints, it appears to be an act of legislation or a court ruling with which Hill is unhappy.  Therefore, his RICO claim fails as well.

Because Hill's complaint fails to state a claim, he is obviously not entitled to any injunctive relief and we will therefore deny his motion for such.  (Rec. Doc. No. 3.)  Additionally, Hill's request for the recusal of the undersigned judge is groundless.  The basic reason for Hill's request for recusal is that he is unhappy

with this court's rulings in prior actions he initiated, which is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). The remainder of his recitation is no more than a malicious diatribe. Therefore, this motion is denied as well.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis is granted. (Rec. Doc No. 2.)

2. Plaintiff's motion for injunctive relief is denied. (Rec. Doc. No. 3.)

3. Plaintiff's motion for recusal is denied. (Rec. Doc. No. 6.)

4. Pursuant to our September 18, 1996 order in M.D.Pa. Civ. No. 96-1572 and our authority to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed based on his filing at least three civil actions in the courts of the United States since the date of that order that were dismissed as frivolous, malicious, or for failure to state a claim. Alternatively, the complaint is dismissed on the merits under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

5. Plaintiff is ordered not to bring any civil action in the Middle District

of Pennsylvania.  We warn plaintiff that a failure to comply with this court order may result in contempt proceedings being brought against plaintiff.

6. The clerk is directed to provide copies of this order to the clerk's office in each court unit in this district.  Furthermore, the clerk is directed to inform the undersigned if plaintiff files any civil actions in this district.

7. The clerk is directed to close the case file.

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge