IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. HILL,  :<br>　　　　Plaintiff　　　　: <br>　　　　　　　　　　　　: <br>　　v.　　　　　　　　: <br>　　　　　　　　　　　　: <br>JAMES CARPENTER, et al.,  : <br>　　　　Defendants　　: | No. 4:CV-08-591 <br><br>(Chief Judge Kane) |

## MEMORANDUM ORDER

### I. BACKGROUND

On April 2, 2008, Plaintiff Jeffrey D. Hill, proceeding pro se, filed a complaint against a number of defendants and under various federal criminal and civil laws, including 18 U.S.C. § 1031, the Racketeer Influenced and Corrupt Organization Act ("RICO"), and 42 U.S.C. §§ 1983 and 1985. (Doc. No. 1). In addition, Hill filed a motion for leave to proceed in forma pauperis (Doc. No. 2), a motion for injunctive relief (Doc. No. 3), and a motion to recuse (Doc. No. 6). In an order dated April 4, 2008, the Honorable James F. McClure, Jr., granted Hill's motion to proceed in forma pauperis, denied his motion for injunctive relief and motion to recuse, and dismissed the complaint. (Doc. No. 7). In addition, Judge McClure imposed sanctions on Hill, which included ordering Hill "not to bring any civil action in the Middle District of Pennsylvania." (Id. at 8-9.) Judge McClure also warned Hill "that a failure to comply with this court order may result in contempt proceedings being brought against [him]." (Id. at 9.)

On April 9, 2008, Hill filed a notice of appeal. (Doc. No. 8.) On April 9, 2009, the United States Court of Appeals for the Third Circuit issued a judgment in which it affirmed in part, vacated in part, and remanded for further proceedings the judgment entered on April 4, 2008. Hill v. Carpenter, 323 F. App'x. 167, 172 (3d Cir. Pa. 2009). The Third Circuit affirmed

1

Judge McClure's denial of Hill's motion for recusal as well as the dismissal of Hill's complaint. See id. at 170-71. However, the Third Circuit vacated the imposition of sanctions against Hill and remanded for further proceedings. Id. at 171-72. More specifically, the Third Circuit vacated the "injunction barring Hill from bringing any future civil suit in the Middle District of Pennsylvania." Id. at 171. The Third Circuit concluded that this prohibition was "overly broad" and that Hill should have been afforded notice and the opportunity to respond before the imposition of sanctions. Id. In addition, the Third Circuit recommended that, after Hill is afforded notice and the opportunity to respond before the imposition of sanctions, the Court might consider requiring Hill to obtain certification from a United States Magistrate Judge prior to any future action being brought in the Middle District of Pennsylvania. Id. at 172. The Third Circuit also noted that contempt sanctions may be appropriate against Hill in light of his filings that violate the Court's order prohibiting him "'from filing any document which is replete with offensive, derogatory material.'" Id. (quoting Hill v. Gates, 940 F. Supp. 108, 113 (M.D. Pa. Sept. 18, 1996).

## II. DISCUSSION

On January 6, 2011, pursuant to the recommendation of the Third Circuit, the Court issued an order on Hill to show cause why he should not be required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania. (Doc. No. 16 at 4-5); see also Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) ([D]istrict courts in this circuit may issue an injunction to require litigants to obtain the approval of the court before filing further complaints."). On January 19, 2011, Hill filed a twenty-one page document, with exhibits, entitled "Response to 'Judge' Kane's 1-6-11 Rule to

Show Cause." (Doc. No. 17). Although this document is docketed as a response, it is wholly unresponsive to the Court's January 6, 2011 Order, contains vitriolic and unwarranted language, and continues the long pattern of abusive posturing by Hill.

The Court has provided Hill with notice "to show cause why injunctive relief should not issue." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). In this notice, the Court informed Hill that he faced potential sanctions in the form of having to obtain certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania. (Doc. No. 16 at 4-5). Hill has failed to adequately respond to this notice. Therefore, pursuant to the recommendation of the Third Circuit, the Court will sanction Hill by requiring him to receive certification from a magistrate judge prior to filing a future civil action within the Middle District of Pennsylvania.

**AND NOW**, on this 16th day of February 2011, **IT IS HEREBY ORDERED THAT:**

1. In light of the inappropriate and abusive language and disrespect shown to the judiciary in those documents filed by Hill in the instant case and the Court's Order to Show Cause (Doc. No. 16), sanctions are imposed upon Plaintiff Jeffrey D. Hill.

2. Pursuant to the above, Hill is required to obtain certification from a United States Magistrate Judge prior to filing a future civil action within the Middle District of Pennsylvania.

   s/ Yvette Kane
Yvette Kane, Chief Judge
U.S. District Court
Middle District of Pennsylvania